UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DERRICK OLIPHANT,<br>Plaintiff, | Case No. 1:19-cv-00662<br>Black, J.<br>Litkovitz, M.J. |
| v. | |
| MRS. GOODMEN,<br>Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff Derrick Oliphant, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 alleging that defendant Bertha Goodman[1] was deliberately indifferent to his medical needs in violation of the Eighth Amendment. This matter is before the Court on defendant's first motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 7), plaintiff's response in opposition (Doc. 13), and defendant's reply memorandum (Doc. 14).[2]

**I. Facts**

Plaintiff makes the following allegations in his complaint. Plaintiff dislocated his right shoulder while incarcerated at SOCF in 2016. (Doc. 1 at 4). After the injury, SOCF transferred plaintiff to the Ohio State University Hospital ("OSU") for examination. (*Id.*). The doctor at OSU advised plaintiff that he needed surgery and to keep his shoulder in a sling. (*Id.*). The doctor referred plaintiff for an orthopedics checkup at Franklin Medical Center ("FMC"). (*Id.*).

---

[1] Plaintiff lists defendant as "Mrs. Goodmen" in the case caption. Defendant clarifies that her name is Bertha Goodman. (Doc. 7 at 1).

[2] Initially, plaintiff failed to file a timely response in opposition to defendant's motion to dismiss. Thereafter, defendant filed a motion to dismiss for lack of prosecution (Doc. 10) and the Court ordered plaintiff to show cause why the Court should not dismiss this case for lack of prosecution (Doc. 12). On June 15, 2020, plaintiff filed a response to the motion to dismiss and the Show Cause Order. The Court will consider plaintiff's filing. Defendant's motion to dismiss for lack of prosecution (Doc. 10) should therefore be denied as moot.

The doctor at FMC also stated that plaintiff needed surgery and proper medical treatment. (*Id.*). Upon his return to SOCF, plaintiff conveyed these outside opinions to the doctor at SOCF and to defendant Bertha Goodman, the Health Care Administrator at SOCF. (*Id.*). Plaintiff alleges that the SOCF medical staff stated in response, "we're not going to send [plaintiff] out for surgery and waste money." (*Id.*). According to plaintiff, the x-rays clearly showed that his right shoulder was "hanging off" the rotator cuff. (*Id.*). Plaintiff stopped wearing the sling because he believed it was not helping his shoulder. (*Id.*).

At the beginning of 2017, plaintiff injured his shoulder again after he hopped out of bed and his right shoulder fell back out of place. Plaintiff proceeded through the same course of treatment as in 2016—he was first seen by a doctor at OSU and then referred to orthopedics at FMC. (*Id.*). FMC provided basic shoulder exercises for plaintiff to perform while his arm was in the sling. (*Id.*). After this second injury, medical staff at SOFC told plaintiff they would help him with his shoulder exercises during first and second shifts. (*Id.*). Plaintiff refused, stating that his shoulder was still dislocated. (*Id.* at 5). Plaintiff states that he has been in constant pain since the first injury and is unable to work out, play basketball, or pray "without [his] shoulder going numb and locking up." (*Id.*). Plaintiff alleges that he is "scared" to see SOCF medical staff because they will make matters worse. (*Id.*). Plaintiff also alleges that he has not received medication for his pain. (*Id.*).

## II. Standard of Review

Defendant Bertha Goodman moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 7 at 1). In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*,

684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although a plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

It is well settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**III. Resolution**

Defendant Goodman moves to dismiss plaintiff's claims for several reasons. Defendant Goodman argues that plaintiff fails to state a claim for deliberate indifference under the Eighth Amendment. (Doc. 7 at 5-9). Defendant Goodman also argues that she cannot be held liable in her capacity as the SOCF Healthcare Administrator under the theory of respondeat superior for the alleged actions of other employees at SOCF. (*Id.* at 9-10). Defendant Goodman also argues

that plaintiff's claims are barred by the statute of limitations and that she is entitled to qualified immunity and Eleventh Amendment immunity to the extent plaintiff seeks monetary damages against her in her official capacity. (*Id.* at 11-15). The Court will first address whether plaintiff's claims are barred by the statute of limitations.

The statute of limitations applicable to a § 1983 action is the statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises. *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997). Plaintiff's Eighth Amendment claims arising at SOCF are therefore governed by Ohio's two year-statute of limitations applicable to personal injury claims. *See, e.g.*, *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual").

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). Under federal law, a cause of action accrues for statute of limitations purposes "when plaintiff[ ] knew or should have known of the injury which forms the basis of [his] claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The "inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." *Id.* at 501 (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). The statute of limitations commences to run when the plaintiff knows or, in the exercise of due diligence, has reason to know of the injury which is the basis for his cause of action. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984); *see also Ruff*, 258 F.3d at 501. In determining the

4

date of accrual for the cause of action, courts look for an event that "[w]ould have alerted the typical lay person to protect his or her rights." *Kuhnle Bros, Inc.*, 103 F.3d at 520.

In this case, plaintiff's cause of action accrued sometime in 2016 when he injured his shoulder and alleges that he was first denied proper medical treatment. Although plaintiff's complaint does not indicate a definite date of his injury, plaintiff alleges that he dislocated his right shoulder in 2016 and was told by SOCF medical staff after receiving treatment at OSU and FMC that they would not send him out for surgery. These events provide the basis for plaintiff's injury and trigger the two-year statute of limitations. The complaint, which was not filed until August 14, 2019, is therefore time-barred by approximately one year.

The complaint also alleges that plaintiff subsequently injured his shoulder in "[t]he beginning of 2017" and continues to endure ongoing shoulder pain. (Doc. 1 at 4). Even considering these allegations, the Court cannot conclude that plaintiff's claims related to his alleged 2016 injury are timely. The continuing violation doctrine allows a court to consider as timely all relevant violations, including those that would otherwise be time-barred by the statute of limitations. *See Sharp v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003). The Sixth Circuit has shown reluctance to apply this doctrine to Eighth Amendment deliberate indifference to medical needs claims. *Dearing v. Mahalma*, No. 1:11-cv-204, 2011 WL 3739029, at *6 (S.D. Ohio Aug. 24, 2011) (citing *Bruce v. Corr. Med. Servs. Inc.*, 389 F. App'x 462, 466 (6th Cir. 2010)). Moreover, the Sixth Circuit has held that "[a]ctual acts by [a defendant] of refusing medical care represent discrete unlawful acts (beyond passive inaction) that trigger the statute of limitations." *Id.* at *6 (quoting *Bruce*, 389 F. App'x at 467). Here, the event providing the basis of plaintiff's alleged injury is the denial of surgery in 2016, which represents a discrete act triggering the two-year statute of limitations. Plaintiff's cause of action accrued at the time he was denied surgery

5

in 2016 regardless of any alleged harm or pain that he suffered thereafter. Accordingly, plaintiff's Eighth Amendment claims are time-barred.

Assuming, arguendo, that plaintiff alleges an Eighth Amendment claim relating to the reinjury of his shoulder in 2017, the complaint fails to state a claim of deliberate indifference to his serious medical needs. In order to state a claim for relief concerning a denial of medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 106. Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Westlake*, 537 F.2d at 860-61 n.5. Not every claim of inadequate medical treatment states an Eighth Amendment violation. *Estelle*, 429 U.S. at 105. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff's complaint fails to allege facts plausibly suggesting that defendant Goodman was deliberately indifferent to his medical needs.  First, the Court agrees with defendant Goodman that plaintiff's complaint fails to allege specific actions that defendant Goodman took or failed to take, including how she personally denied him medical treatment, or how she was personally involved in making any decisions as to what treatment plaintiff received.  (Doc. 7 at 7).  Plaintiff alleges that defendant Goodman "keep[s] lying and not helping me out."  (Doc. 1 at 5).  These allegations amount to the speculative, conclusory "the-defendant-unlawfully-harmed-accusation," which is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.  Second, plaintiff claims that "Mrs. Goodman and her medical staff [did not] get [him] the right medical treatment."  (Doc. 1 at 5).  However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Westlake*, 537 F.2d at 860 n.5.  It is well-settled that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.  Therefore, plaintiff's disagreement with the prescribed medical treatment that he received at SOCF for his shoulder injury does not rise to the level of deliberate indifference under the Eighth Amendment.

Finally, to the extent plaintiff seeks to hold defendant Goodman liable in her supervisory position as the SOCF Health Care Administrator for the actions of other SOCF medical staff employees, supervisory officials cannot be held liable under § 1983 solely on the basis of *respondeat superior* or on the basis that they failed to remedy a subordinate's unconstitutional

conduct. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). *See also Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). For these reasons, plaintiff fails to state a claim for relief against defendant Goodman for any alleged shoulder reinjury in 2017. Defendant Goodman's motion to dismiss (Doc. 7) should be granted in its entirety.

**IV. Conclusion**

Based on the foregoing, it is **RECOMMENDED** that:

1. Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 7) be **GRANTED**.
2. Defendant's motion to dismiss for lack of prosecution (Doc. 10) be **DENIED** as **MOOT**.

Date:  9/24/2020

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DERRICK OLIPHANT,  Case No. 1:19-cv-00662
    Plaintiff  Black, J.
                                                                             Litkovitz, M.J.
    v.

MRS. GOODMEN,
    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).